

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA MEJIA, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TARGET STORES, a Corporation; and DOES 1 to 25, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br>13-CV-03371 R (MANx)<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT TARGET CORPORATION |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

　　The motion of defendant TARGET CORPORATION for summary judgment, or alternatively, partial summary judgment, in the within action, came on regularly for hearing before this Court on March 17, 2014. Attorney Karen Liao appeared on behalf of defendant TARGET CORPORATION; there was no appearance on behalf of plaintiff ESTELA MEJIA.

　　After considering the moving and opposition papers, the arguments of counsel, and all other matters presented to the Court, this Court GRANTED the motion of defendant TARGET CORPORATION.

///

1. **Plaintiff's State Law Claim For Negligence Against Target**

    a. **Undisputed Facts**

    1. Defendant Target Corporation ("Target") owns, operates and manages the retail store located at 14920 Raymer Street in Van Nuys, California 91405 ("the store"). [UF 1].

    2. On the afternoon August 19, 2011, plaintiff ESTELA MEJIA ("plaintiff") and her two brothers went to shop at the store. [UF 2-4].

    3. Plaintiff's brothers then waited in line as she went to use the restroom. [UF 5]. To get to the restroom, plaintiff went through one of the middle cash register lanes. [UF 5].

    4. Plaintiff did not look at the floor from the time she walked through the cashier lane until the time that she slipped. [UF 6].

    5. Plaintiff was walking and slipped before she entered the restroom. [UF 7]. Plaintiff slipped near the door that is used to enter the women's restroom, and she was about 3 feet away from the door when she slipped. [UF 7]. Plaintiff slipped directly in front of the ladies' room door. [UF 7].

    6. Plaintiff's left foot slipped and her body went all the way down to the floor. [UF 8]. Plaintiff fell on her buttocks, but with her left knee hitting the floor. [UF 8]. Plaintiff also injured the thumb on her right hand. [UF 8].

    7. Plaintiff did not see the liquid on the floor before she started to slip. [UF 9].

    8. Plaintiff first saw the liquid on the floor when her brother Santos came over to help her up. [UF 10].

    9. The spill was brown water, the color of Coca Cola, and was about the size of a small plate. [UF 11].

    10. There was no ice in the liquid. [UF 12]

    11. The liquid did not have an odor. [UF 13].

    ///

12. Plaintiff does not remember if there were any wheel tracks through the liquid. [UF 14].

13. Plaintiff didn't look at whether there were any footprints through the liquid. [UF 15].

14. Plaintiff did not notice any dirt in the liquid. [UF 16].

15. Plaintiff had liquid on her clothes, especially her left knee. [UF 17].

16. Plaintiff does not remember if the liquid was cold or hot. [UF 18].

17. Plaintiff does not know where the liquid came from. [UF 19].

18. Plaintiff does not know how long the liquid was on the floor before she slipped. [UF 20].

19. Plaintiff does not know if any Target employee knew about the spill before her accident. [UF 21].

20. Josefina Ortega has been employed by Target since 2009 as a Brand Attendant, and has been assigned to work at the store since 2009. [UF 28].

21. As a Brand Attendant for Target, Ms. Ortega's job duties include cleaning the restrooms at the store at least 3 to 4 times an hour during her work shift. [UF 29].

22. When Ms. Ortega cleans a restroom, her tasks include a visual inspection of the floor directly in front of, and inside the restroom, for anything that could cause a person to slip or trip. [UF 30]. Ms. Ortega has been trained by Target to always be on the lookout for anything on the floor that could cause someone to slip or trip. [UF 30].

23. Ms. Ortega worked at the store on August 19, 2011, from 3:00 p.m. to 10:00 p.m. [UF 31].

24. Ms. Ortega was called over to the women's restroom at the store after plaintiff Estela Mejia slipped and fell. [UF 32].

25. Ms. Ortega had last cleaned the women's restroom, including the area immediately in front of it, approximately 10 to 15 minutes prior to 4:50 p.m., when

plaintiff's fall occurred. [UF 33]. At that time, Ms. Ortega had inspected the location just outside the restroom, both as she entered and as she exited, and it was clean and dry and there was nothing on the floor. [UF 33].

### b. Conclusions Of Law

1. A cause of action for negligence is based upon the general principle that everyone is responsible for injury to another caused by his or her want of ordinary care or skill in the management of his or her property. Chee v. Amanda Goldt Property Management, 143 Cal.App.4th 1360, 1369 (2006).

2. A store owner exercises reasonable care by making reasonable inspections of the portions of the premises open to customers. Ortega v. K-Mart, 26 Cal.4th 1200, 1205 (2001).

3. A store owner who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his customers to an unreasonable risk, and who has no basis for believing that his customers will discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make the condition reasonably safe for their use or to give a warning adequate to enable them to avoid the harm. Bridgman v. Safeway Stores, Inc., 53 Cal. 2d 443, 446 (1960).

4. In order to establish the liability of the store owner, it must be shown that the store owner either had knowledge of the dangerous condition on his premises, or that the dangerous condition had existed for such a period of time as to justify the inference that the store owner had knowledge of its existence. Ortega, supra, 26 Cal.4th at 1206; Owen v. Beauchamp, 66 Cal.App.2d 750, 752 (1944).

5. It is the plaintiff's burden to prove that the store owner had actual or constructive notice of the dangerous condition in sufficient time to correct it. Ortega, supra, 26 Cal.4th at 1203, citing Louie v. Hagstrom's Food Stores, 81 Cal.App.2d 601, 606 (1947).

///

6. There is no evidence that Target had actual notice of the dangerous condition at the store that caused plaintiff's slip and fall.

7. Evidence of the store owner's failure to inspect the premises within a reasonable period of time is sufficient to allow an inference that the condition was on the floor long enough to give the owner the opportunity to discover and remedy it. Ortega, supra, 26 Cal.4th at 1203.

8. However, it is not sufficient for plaintiff to just show how much time passed between the last inspection and the incident. Plaintiff must also offer evidence to show what period of time would have constituted a reasonable period of time during which the store should have been inspected. Ortega, supra, 26 Cal.4th at 1203.

9. Target employee Ms. Ortega cleaned the restrooms at the store at least 3 to 4 times an hour during her work shift on the day of plaintiff's incident, and had last cleaned the women's restroom, and the area immediately in front of it, approximately 10 to 15 minutes prior to plaintiff's fall. Ms. Ortega had inspected the location just outside the restroom, both as she entered and as she exited the restroom. According to Ms. Ortega, the floor was clean and dry, and there was nothing on the floor.

10. There is no evidence from which it can be concluded, or even inferred, that Target needed to inspect its restrooms, and the floor areas immediately in front of them, more frequently than three to four times every hour.

11. There is no evidence that the dangerous condition at the store that caused plaintiff's slip and fall had existed for such a period of time as to justify the inference that Target had constructive notice of its existence.

12. A defendant is entitled to judgment as a matter of law if the plaintiff fails to show that the dangerous condition existed for at least a sufficient time to be discovered by ordinary care and inspection. Ortega, supra, 26 Cal.4th at 1207, 1212.

13. Target is entitled to judgment on the plaintiff Estela Mejia's first state law claim for general negligence.

///

2. **Plaintiff's State Law Claim For Premises Liability Against Target**

   a. **Undisputed Facts**

   1. Defendant Target Corporation ("Target") owns, operates and manages the retail store located at 14920 Raymer Street in Van Nuys, California 91405 ("the store"). [UF 1].

   2. On the afternoon August 19, 2011, plaintiff ESTELA MEJIA ("plaintiff") and her two brothers went to shop at the store. [UF 2-4].

   3. Plaintiff's brothers then waited in line as she went to use the restroom. [UF 5]. To get to the restroom, plaintiff went through one of the middle cash register lanes. [UF 5].

   4. Plaintiff did not look at the floor from the time she walked through the cashier lane until the time that she slipped. [UF 6].

   5. Plaintiff was walking and slipped before she entered the restroom. [UF 7]. Plaintiff slipped near the door that is used to enter the women's restroom, and she was about 3 feet away from the door when she slipped. [UF 7]. Plaintiff slipped directly in front of the ladies' room door. [UF 7].

   6. Plaintiff's left foot slipped and her body went all the way down to the floor. [UF 8]. Plaintiff fell on her buttocks, but with her left knee hitting the floor. [UF 8]. Plaintiff also injured the thumb on her right hand. [UF 8].

   7. Plaintiff did not see the liquid on the floor before she started to slip. [UF 9].

   8. Plaintiff first saw the liquid on the floor when her brother Santos came over to help her up. [UF 10].

   9. The spill was brown water, the color of Coca Cola, and was about the size of a small plate. [UF 11].

   10. There was no ice in the liquid. [UF 12]

   11. The liquid did not have an odor. [UF 13].

///

12. Plaintiff does not remember if there were any wheel tracks through the liquid. [UF 14].

13. Plaintiff didn't look at whether there were any footprints through the liquid. [UF 15].

14. Plaintiff did not notice any dirt in the liquid. [UF 16].

15. Plaintiff had liquid on her clothes, especially her left knee. [UF 17].

16. Plaintiff does not remember if the liquid was cold or hot. [UF 18].

17. Plaintiff does not know where the liquid came from. [UF 19].

18. Plaintiff does not know how long the liquid was on the floor before she slipped. [UF 20].

19. Plaintiff does not know if any Target employee knew about the spill before her accident. [UF 21].

20. Josefina Ortega has been employed by Target since 2009 as a Brand Attendant, and has been assigned to work at the store since 2009. [UF 28].

21 As a Brand Attendant for Target, Ms. Ortega's job duties include cleaning the restrooms at the store at least 3 to 4 times an hour during her work shift. [UF 29].

22. When Ms. Ortega cleans a restroom, her tasks include a visual inspection of the floor directly in front of, and inside the restroom, for anything that could cause a person to slip or trip. [UF 30]. Ms. Ortega has been trained by Target to always be on the lookout for anything on the floor that could cause someone to slip or trip. [UF 30].

23 Ms. Ortega worked at the store on August 19, 2011, from 3:00 p.m. to 10:00 p.m. [UF 31].

24. Ms. Ortega was called over to the women's restroom at the store after plaintiff Estela Mejia slipped and fell. [UF 32].

25. Ms. Ortega had last cleaned the women's restroom, including the area immediately in front of it, approximately 10 to 15 minutes prior to 4:50 p.m., when

plaintiff's fall occurred. [UF 33]. At that time, Ms. Ortega had inspected the location just outside the restroom, both as she entered and as she exited, and it was clean and dry and there was nothing on the floor. [UF 33].

### b. Conclusions Of Law

1. A cause of action for premises liability is based upon the general principle that everyone is responsible for injury to another caused by his or her want of ordinary care or skill in the management of his or her property. Chee v. Amanda Goldt Property Management, 143 Cal.App.4th 1360, 1369 (2006).

2. A store owner exercises reasonable care by making reasonable inspections of the portions of the premises open to customers. Ortega v. K-Mart, 26 Cal.4th 1200, 1205 (2001).

3. A store owner who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his customers to an unreasonable risk, and who has no basis for believing that his customers will discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make the condition reasonably safe for their use or to give a warning adequate to enable them to avoid the harm. Bridgman v. Safeway Stores, Inc., 53 Cal. 2d 443, 446 (1960).

4. In order to establish the liability of the store owner, it must be shown that the store owner either had knowledge of the dangerous condition on his premises, or that the dangerous condition had existed for such a period of time as to justify the inference that the store owner had knowledge of its existence. Ortega, supra, 26 Cal.4th at 1206; Owen v. Beauchamp, 66 Cal.App.2d 750, 752 (1944).

5. It is the plaintiff's burden to prove that the store owner had actual or constructive notice of the dangerous condition in sufficient time to correct it. Ortega, supra, 26 Cal.4th at 1203, citing Louie v. Hagstrom's Food Stores, 81 Cal.App.2d 601, 606 (1947).

///

6. There is no evidence that Target had actual notice of the dangerous condition at the store that caused plaintiff's slip and fall.

7. Evidence of the store owner's failure to inspect the premises within a reasonable period of time is sufficient to allow an inference that the condition was on the floor long enough to give the owner the opportunity to discover and remedy it. Ortega, supra, 26 Cal.4th at 1203.

8. However, it is not sufficient for plaintiff to just show how much time passed between the last inspection and the incident. Plaintiff must also offer evidence to show what period of time would have constituted a reasonable period of time during which the store should have been inspected. Ortega, supra, 26 Cal.4th at 1203.

9. Target employee Ms. Ortega cleaned the restrooms at the store at least 3 to 4 times an hour during her work shift on the day of plaintiff's incident, and had last cleaned the women's restroom, and the area immediately in front of it, approximately 10 to 15 minutes prior to plaintiff's fall. Ms. Ortega had inspected the location just outside the restroom, both as she entered and as she exited the restroom. According to Ms. Ortega, the floor was clean and dry, and there was nothing on the floor.

10. There is no evidence from which it can be concluded, or even inferred, that Target needed to inspect its restrooms, and the floor areas immediately in front of them, more frequently than three to four times every hour.

11. There is no evidence that the dangerous condition at the store that caused plaintiff's slip and fall had existed for such a period of time as to justify the inference that Target had constructive notice of its existence.

12. A defendant is entitled to judgment as a matter of law if the plaintiff fails to show that the dangerous condition existed for at least a sufficient time to be discovered by ordinary care and inspection. Ortega, supra, 26 Cal.4th at 1207,1212.

///

///

///

13. Target is entitled to judgment on the plaintiff Estela Mejia's second state law claim for premises liability.

Dated: **April 1**, 2014

THE HONORABLE MANUEL L. REAL
U.S. DISTRICT COURT JUDGE

Submitted By:

EUGENE J. EGAN (State Bar No. 130108)
 (eje@manningllp.com)
KAREN LIAO (State Bar No. 256072)
 (kxl@manningllp.com)
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant TARGET CORPORATION